**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES WILLIAMS<br>on behalf of himself and the classes defined<br>below,<br>　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>E-BACKGROUNDCHECKS.COM, INC.<br>d/b/a BACKGROUNDCHECKS.COM<br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.　　　Plaintiff, James Williams, brings this action to secure redress from the consumer credit reporting practices of Defendant e-BackgroundChecks.com, Inc., d/b/a BackgroundChecks.com. Plaintiff alleges violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

2.　　　In order to protect consumers from losing employment opportunities based on inaccurate credit reports, the FCRA requires companies to follow reasonable procedures to assure maximum possible accuracy of consumers' background reports that are sent to potential employers.

3.　　　BackgroundChecks.com did not maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in consumer reports that it provided to prospective employers, in violation of 15 U.S.C. § 1681e(b). It also reported public record information to employers without informing consumers that such information was being reported and without maintaining strict procedures to assure that the public information that it reported was complete and up to date, in violation of 15 U.S.C. § 1681k.

4.　　　Plaintiff brings this action to secure redress for BackgroundChecks.com's violations of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks actual damages, statutory damages, attorney fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p.

6.      Venue in this district is proper because defendant does business here and the harm to plaintiff occurred in this district.

## PARTIES

7.      Plaintiff James Williams is a resident of this district and is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

8.      Defendant e-BackgroundChecks.com, Inc. is a for profit company that provides background checks on employers' potential employees.  It is a Texas corporation headquartered in Dallas, Texas.

9.      Defendant e-BackgroundChecks.com, Inc. uses the trade name BackgroundChecks.com.

10.      Defendant e-BackgroundChecks.com, Inc. ("BackgroundChecks.com") is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C.§ 1681, *et seq*

## FACTS

11.      On October 17, 2011, plaintiff received a Conditional Offer of Employment from Goodwill Industries of East Texas ("Goodwill").

12.      The above referenced offer of employment was conditional pending the successful outcome of a background investigation.

13.      As part of its ordinary and regular business practices, Goodwill uses consumer reports to determine the eligibility of applicants for employment.

14.      The background check constituted a "consumer report" for purposes of the FCRA.

15.      Goodwill obtained and used Mr. Williams' consumer report for employment purposes from BackgroundChecks.com.

16.      The consumer report furnished by BackgroundChecks.com was false and inaccurate

and included inaccurate criminal reporting from 1993.

17.     In reliance on the false criminal reporting contained in the consumer report, Goodwill rescinded the Conditional Offer of Employment to plaintiff.

18.     Notwithstanding the clear and unambiguous requirements of the FCRA, BackgroundChecks.com failed to follow procedures to assure the maximum possible accuracy of the consumer report under 15 U.S.C. § 1681e(b).

19.     Mr. Williams has suffered actual damages as a result of these events. He has lost employment, as he was previously offered the job position contingent upon the background search.

## CLASS ALLEGATIONS AS TO RELIABLE BACKGROUND

20.     BackgroundChecks.com failed to (1) notify the consumer ... that public record information is being reported ... together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

21.     This action is brought as a class action on behalf the following class of individuals, which class arises under 15 U.S.C. § 1681k and consists of

      a.     All natural persons residing in the United States or its territories

      b.     Who were the subject of a background check prepared by BackgroundChecks.com

      c.     Who BackgroundChecks.com failed to notify of the fact that it was issuing such a report containing public record information at the time that it issued the report.

      d.     During the two years preceding the filing of this Complaint until 20 days after the filing of this Complaint.

.

22.     BackgroundChecks.com has engaged in this conduct in relation to a large number of persons.  According to its web site, over 4,500 individuals and companies worldwide rely on backgroundchecks.com for public records research. Consequently the prospective class meet the "numerosity" requirements of a class action under Rule 23 especially as many of the companies will

use defendant's services for more than one employment applicant.

23.     Class counsel will likely obtain the names and addresses of the putative Class members through documents maintained by BackgroundChecks.com or the employers to whom BackgroundChecks.com furnished those reports; consequently the parties and the Court can identify the prospective class members.

24.     Mr. Williams asserts claims under the same legal and remedial theories as those as those of the prospective class members; consequently, this case meets the "typicality" requirements of a class action under Rule 23.

25.     Mr. Williams' case presents issues common to those of the class members:

a.      whether BackgroundChecks.com furnished credit reports of the class members to potential employers without notifying the class members that public record information was being reported along with the name and address to whom the information was being reported; and

b.      whether BackgroundChecks.com follows reasonable procedures to assure maximum possible accuracy of the information contained in its consumer reports furnished to employers for background checks/hiring purposes.

26.     These common issues of law and fact predominate over any questions affecting an individual member; consequently this case meets the "commonality" and "predominance" requirements for class actions under Rule 23.

27.     Mr. Williams will fairly and adequately represent the interests of the putative class.

28.     Because he has asserted the same types of claims as those of the class members, Mr. Williams' interests coincide with those of the prospective class members who he seeks to represent.

29.     Mr. Williams has retained competent and experienced counsel in such litigation; consequently, Mr. Williams is an "adequate" class representative under Rule 23.

30.     The damages suffered by each prospective class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by BackgroundCheck.com's conduct.

31.     The prospective class members would find it virtually impossible individually to effectively redress the wrongs done to them because:

a.      Consumer reporting cases involving consumer reports furnished for background check/hiring purposes rarely present large damages which would ordinarily attract competent counsels.

b.      The cost of litigating fair credit cases within the federal court system would deter many plaintiff's attorneys from assuming the representation of the prospective class members in an individual case in light of the small potential recovery.

c.      Few attorneys are qualified to identify, let alone litigate, consumer reporting cases involving access and use of consumer reports for employment purposes.

d.      While cases like these do present the possibility of statutory fee awards, those fee awards only arise in the event of a successful "actual damage" suit or a finding of wilfulness. These heightened burdens of proof for successful recoveries frequently impair the ability of consumer's to find representation for consumer reporting cases.

e.      Even if the members of the putative classes could afford such individual litigation, and find competent counsel, the number of suits which would be necessary to remedy the wrongs in this case would represent an unnecessary burden on the Court.

f.      Individualized litigation by these class members also presents the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.

32.      The class action device will result in substantial benefits to the litigants and the Court by allowing the court to resolve numerous individual claims based upon a single set of proof in a single case.

33.      The class action mechanism a class action is "superior" to other available methods for fair and efficient adjudication of the controversy under Rule 23.

## COUNT I – Class Claim Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

34.      Mr. Williams incorporates the preceding allegations by reference.

35.      BackgroundChecks.com violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Mr. Williams' and the class members' credit reports.

36.      BackgroundChecks.com violated 15 U.S.C. § 1681k by failing to notify Mr. Williams and the class members of the adverse public record information contained within the background check at the time it publishes that information to the requesting party.

37.      BackgroundCheck.com's failure to comply with this requirements constituted a

5

willful violation of the FCRA, 15 U.S.C. § 1681n; alternatively, BackgroundCheck.com's failure to comply with this requirement constituted a negligent violation of the FCRA, 15 U.S.C. § 1681o.

38.     Mr. Williams suffered damages as a result of this violation of the FCRA.

## **Request For Relief**

39.     For the reasons set forth above, Mr. Williams requests that the Court Grant the following relief:

    a.     Actual damages for items including lost wages, lost employment opportunity, emotional distress, mental aguish, frustration, humiliation, and embarrassment for Mr. Williams.

    b.     Statutory damages for plaintiff and the class in an amount to be determined at trial.

    c.     Punitive damages for plaintiff and the class  in an amount to be determined at trial.

    d.     Costs and attorney fees provided by statute.

    e.     Any other relief the Court deems just.


Respectfully submitted,

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Craig M. Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 N. Wacker Drive, Suite 605
Chicago, IL 60606
312-726-1092 (Office)
312-726-1093 (Fax)

## **JURY DEMAND**

Plaintiff demands trial by jury.


/s/Keith J. Keogh
Keith J. Keogh

6