**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES WILLIAMS on behalf of himself and the classes defined below,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>E-BACKGROUNDCHECKS.COM, INC. d/b/a BACKGROUNDCHECKS.COM<br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S CORRECTED MOTION FOR CLASS CERTIFICATION[1]

Plaintiff James Williams respectfully requests that this Court enter order setting a briefing schedule on class certification to allow plaintiff time to take class discovery and file a memorandum in support of class certification and for a subsequent order determining that this action alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, be certified as a class action pursuant to Fed.R.Civ.P. 23 against e-BackgroundChecks.com, Inc., d/b/a BackgroundChecks.com. ("BackgroundChecks.com"). Plaintiff defines the Classes based upon the claims asserted in Count I of the Class Complaint as follows:

1.　　This action is brought as a class action on behalf the following class of individuals, which class arises under 15 U.S.C. § 1681k and consists of;

    a.　　All natural persons residing in the United States or its territories

    b.　　Who were the subject of a background check prepared by BackgroundChecks.com

    c.　　Who BackgroundChecks.com failed to notify of the fact that it was issuing such a report containing public record information at the time that it issued the report

---

[1] This motion is being filed to avoid any attempt to pick off the named plaintiff pursuant to *Damasco v. Clearwire,* No. 10–3934 (7th Cir. 2011) ("class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs....Although discovery may in some cases be unnecessary to resolve class issues, see 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 7.8, at 25 (4th ed.2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

      d.      During the two years preceding the filing of this complaint until 20 days

2.      Plaintiff further requests that he be appointed class representative and his counsel be appointed class counsel.

**NATURE OF THE CASE**

3.      The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, places many requirements on consumer reporting agencies that furnish consumer reports containing information that is the matter of public record for background checks furnished for employment purposes.

4.      Under those circumstances, Section 1681k requires a consumer reporting agency to, at the time such a report is issued, notify the consumer of the fact that public record information is being reported, together with the name and address of the person to whom such information is being reported

5.      In this case, BackgroundChecks.com, has adopted policies and practices that violate FCRA requirements. Specifically, BackgroundChecks.com violated the FCRA by failing to notify the consumer that it was issuing a consumer report containing public record information.

6.      The Seventh Circuit has held that FCRA cases like this one should generally be resolved on a class-wide basis. *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006); *Hunter, et al v. First Transit,, Inc.*, Case Nos. 09-CV-6178 & 10-CV-7002 (N.D. Ill. Mar. 15, 2011), (Certified for settlement purposes FCRA employment background report classes.) See also *Armes v. Sogro, Inc.*, 2011 U.S. Dist. LEXIS 33241 (E.D. Wis. 2011) (C. N. Clevert Jr.); *In Williams v. LexisNexis Risk Management, Inc.*, 2007 U.S. Dist. LEXIS 62193 (E.D. Va. 2007) (Certified FCRA employment background report classes under § 1681k and § 1681i as both class satisfy Rule 23(a) and Rule 23(b)(3).)

**CLASS CERTIFICATION REQUIREMENTS**

7.      All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

8.      According to its website, BackgroundChecks.com has been providing background screening services since 1999 and has over 4,500 customers worldwide.

9. Given BackgroundChecks.com's size, national scope, and company practice in using form documents and practices, the Class members are so numerous that joinder of all is impracticable. It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

10. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

   a. Whether BackgroundChecks.com failed to notify the consumer that it was issuing a consumer report for employment purposes containing public record information (Section 1681k);

   b. Whether BackgroundChecks.com's implementation and maintenance of the challenged FCRA procedures was willful (knowingly or with reckless disregard); and

   c. What is the appropriate amount of statutory damages per class member and punitive damages that should be awarded.

11. Crucially, these common questions can be resolved with reference to standardized conduct and documents. The claims of all class members derive from the same standard form disclosure (or lack of disclosure) and the same procedures implemented by BackgroundChecks.com.

12. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories and plaintiff seeks only statutory and punitive damages. The only exception is Plaintiff's request for actual damages, which is an individual claim.

13. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff's counsels' qualifications are set forth in *Exhibits 1*.

14. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

   a. Consumers are unlikely to recognize the violation; and

      b.      Individual actions are uneconomical.

15.    Courts have held that actions alleging willful FCRA violations and seeking statutory damages are appropriate for class resolution. *Murray*, *Hunter, Armes, In Williams.*

16.    Plaintiff requests leave to submit a memorandum of law in support of this motion, and have the Court set a briefing schedule, after initial discovery exchanged. to *Damasco v. Clearwire,* No. 10–3934 (7th Cir. 2011).

WHEREFORE, plaintiff respectfully requests that this Court enter an order allowing Plaintiff time to submit a memorandum of law after initial discovery is exchanged, as well as determining that this action may proceed as a class action, plaintiff be appointed class representative, and counsel for plaintiff be appointed class counsel.

Respectfully Submitted,

/s/ Keith J. Keogh
Keith J. Keogh
Craig M. Shapiro
Timothy Sostrin
KEOGH LAW, LTD
101 North Wacker Drive, Suite 605
Chicago, IL 60606
PHONE: (312) 726-1092; FAX: (312) 726-1093

Attorneys for Plaintiff James Williams