## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS, on behalf of himself and all others similarly situated, <br><br>           Plaintiff, <br><br>      v. <br><br> E-BACKGROUNDCHECKS.COM, INC. d/b/a BACKGROUNDCHECKS.COM <br><br>         Defendant. | Case No.: 12-cv-00190 |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO ELIMINATE CLASS ALLEGATIONS
## PURSUANT TO RULE 23(D)(1)(D)

Defendant e-BackgroundChecks.com, Inc. d/b/a Backgroundchecks.com ("BGC") respectfully submits this memorandum of law in support of its Motion to Eliminate Class Allegations Pursuant to Rule 23(d)(1)(D). The Court should grant BGC's motion for the following two reasons:

First, Plaintiff's proposed class fails to satisfy Rule 23(b)(3) because questions of law or fact common to the class do not predominate over individual issues. Plaintiff's class allegations flow from alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* These allegations require a showing that BGC prepared reports about individual class members that were either (1) inaccurate under § 1681e(b) or (2) incomplete and not up to date under § 1681k. Simply put, these allegations raise textbook ***individualized*** questions of fact— the alleged inaccuracies, any other deficiencies in the consumer reports, and BGC's defenses to the same. This is a fact intensive issue that will require review of each and every class member's

report.  Such determinations will overwhelm the proceedings and predominate over any common issues that may exist.

Second, Plaintiff's proposed class fails to satisfy Rule 23(a)(2) because there are not questions of law or fact common to the class.  In order for each class member to recover under the FCRA, he or she will have to demonstrate that there was an inaccuracy or incompleteness in his consumer report.  As a matter of law, such ***individual*** questions are plainly inappropriate for ***class*** treatment.

## FACTUAL BACKGROUND

Plaintiff contends that on October 17, 2011, he received an employment offer from Goodwill of East Texas, conditioned on the successful outcome of a background investigation. (Compl. ¶¶ 11-12).  Plaintiff alleges that BGC prepared a background check report for Goodwill that contained "false and inaccurate information" including "inaccurate criminal reporting from 1993."  (Compl. ¶¶ 16-17).  Plaintiff further alleges that BGC did not provide Plaintiff with notice that it had prepared a background check on Plaintiff that contained public record information.  (Compl. ¶ 3).  Plaintiff alleges that Goodwill rescinded its job offer because of the background check BGC provided to Goodwill.  (Compl. ¶ 17).

Plaintiff seeks certification of a nationwide class action consisting of (a) all US residents, (b) who were the subject of a background check prepared by BGC, (c) who BGC did not notify of the fact that it was issuing such a report containing public record information at the time the report was issued (d) during the two years preceding the filing of the Complaint.  (Compl. ¶ 21). On behalf of this class, Plaintiff asserts two claims.  First, Plaintiff alleges that BGC violated FCRA § 1681e(b) by failing to follow "reasonable procedures to assure maximum possible accuracy of the information" it reports.  (Compl. ¶ 35).  Second, Plaintiff alleges that BGC

130306434v1 0932177

violated FCRA § 1681k by failing to either (1) notify the consumer of the fact that public record information was being reported by BGC or (2) maintain strict procedures designed to insure that whenever public record information is reported it is complete and up to date.  (Compl. ¶ 36).[1]

## ARGUMENT

The prevalence of individual questions of law and fact within the proposed class is evident from the allegations in the Complaint.  Thus, the Court should strike Plaintiff's class allegations on the pleadings alone pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D).

**I.     The Court Has Authority to Strike Class Claims Based on Deficiencies in the Pleadings**

Courts routinely strike class claims, where, as here, a complaint's allegations reveal that class treatment is inappropriate.  See, e.g., Wright v. Family Dollar, Inc., No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (noting, in granting a motion to strike, that Rule 23's "early practicable time" language indicates that "courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained."); Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court's grant of a motion to strike before any class discovery and stating that "[t]he problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them. . . .  The key reality remains:  Their claims are governed by different States' laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that generally will preclude class certification."); Plaisance v. Bayer Corp. (In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig.), 275 F.R.D. 270 (S.D. Ill. 2011) (granting defendant's

---

[1]  Contemporaneously with the filing of this motion, BGC is filing a motion to dismiss the claims of the putative class members under FCRA § 1681k and FCRA § 1681e(b), as the Complaint does not contain sufficient allegations to plead the elements necessary to state such a claim under either section.

motion to strike based on showing evident from the pleadings that individual questions of law or

fact predominated); Rikos v. Procter & Gamble Co., No. 1:11-cv-226, 2012 WL 641946, at *3

(S.D. Ohio Feb. 28, 2012) ("Either party may freely move for resolution of the class-certification

question at any stage of the proceedings, and the class action allegations may be stricken prior to

a motion for class certification where the complaint itself demonstrates that the requirements for

maintaining a class action cannot be met." (citations omitted)); Cornette v. Jenny Garton Ins.

Agency, Inc., No. 2:10-CV-60, 2010 WL 2196533, at *2 (N.D. W. Va. May 27, 2010) ("Where

the inability to maintain the suit as a class action is apparent from the face of the complaint, a

court may dismiss the class allegations on the pleadings"); Tietsworth v. Sears, Roebuck & Co.,

720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as

well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to

discovery if the complaint demonstrates that a class action cannot be maintained."); Muehlbauer

v. Gen. Motors Co., 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006) (granting, prior to discovery, a

motion for determination that a class cannot be maintained under Rules 23(c)(1)(A) and

23(d)(1)(D)).[2]

      The authority for a court to eliminate class claims lies in Rule 23 itself, which provides

that "[a]t an early practicable time after a person sues or is sued as a class representative, the

court must determine by order whether to certify the action as a class action." Fed. R. Civ. P.

23(c)(1)(A). Rule 23(d)(1)(D) authorizes the Court to issue orders that "require that the

---

[2] Although Rule 12(f) provides a mechanism by which a court can strike "redundant, immaterial, impertinent, or scandalous matter" from the pleadings, Rule 23(d)(1)(D) and 23(c)(1)(A) operate in tandem to work the same effect. Indeed, many courts evaluating motions to strike analyze only Rule 23 without reference to Rule 12. See, e.g., Muehlbauer, 431 F. Supp. at 870; Cornette, 2010 WL 21965333; Jaffe v. Capital One Bank, No. 09 Civ. 4106, 2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) (striking class allegations prior to discovery pursuant to Rule 23(d)(1)(D)). Others strike class allegations under 12(f), but only after robustly analyzing Rule 23. See, e.g., Tietsworth, 720 F. Supp. 2d 1123.

pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

In deciding whether a party is entitled to class certification on the pleadings, the court may look "beneath the surface of a complaint to conduct the inquireis identified in [Rule 23] and exercise the discretion it confers." Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 677 (7th Cir. 2001). This includes considering both the substantive elements of the plaintiff's claims and the proof necessary for each. See Christie Clinic, P.C. v. Multiplan, Inc., No. 08-CV-2065, 2009 WL 175030, at *8 (C.D. Ill. Jan. 26, 2009).

## II.     The Court Should Strike Plaintiff's Class Action Claims

A putative class must satisfy at least one provision of Rule 23(b). Here, Plaintiff brings his claim under Rule 23(b)(3), (see Plaintiff's Motion for Class Certification ¶ 7, Docket No. 4), which requires Plaintiff to establish that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A class must also satisfy the four prerequisites of Rule 23(a): that the class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the class, that the representative's claims are typical of the class's claims, and that the representative will fairly and adequately protect the class's interests. Fed. R. Civ. P. 23(a). Plaintiff has the burden of showing that the class satisfies both Rule 23(a) and 23(b). See Wright, 2010 WL 2962838, at *2 ("Even when the defendant initiates the court's review of class allegations, *the burden remains on the plaintiff to establish that the suit may be maintained as a class action*." (emphasis added)).

- 5 -

Here, the Court should strike Plaintiff's class allegations and this case should move forward on an individual basis because Plaintiff cannot satisfy the requirements of either Rule 23(b)(3) or 23(a)(2).[3]

### 1. Plaintiff Cannot Satisfy Rule 23(b)(3)'s Predominance and Superiority Requirements

Rule 23(b)(3) requires that questions of law and fact *predominate* over questions affecting only individual class members, and that the class action is a superior method for adjudicating the claims. Fed. R. Civ. P. R. 23(b)(3); <u>see also</u> <u>Szabo</u>, 249 F.3d at 676. The Seventh Circuit has held that in situations where an allegation is specific to each individual plaintiff (<u>e.g.</u>, fraud), "issues common to all of the class members [are] not likely to predominate over issues peculiar to specific members." <u>Nagel v. ADM Investor Serv., Inc.</u>, 217 F.3d 436, 443 (7th Cir. 2000).

### i. Plaintiff's 1681e(b) Claims Fail to Satisfy Rule 23(b)(3)

Section 1681e(b) of the FCRA requires consumer reporting agencies ("CRAs") to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in background reports. 15 U.S.C. § 1681e(b). The Complaint alleges that, as to the proposed class, BGC violated section 1681e(b) by failing to maintain such standards for maximum possible accuracy. (<u>See</u> Compl. ¶ 35).[4]

The FCRA fosters accuracy in credit and background information. <u>Carvalho v. Equifax Info. Servs., LLC</u>, 588 F. Supp. 2d 1089, 1096 (N.D. Cal. 2008), <u>aff'd</u>, 615 F.3d 1217 (9th Cir. 2010) (noting that "the FCRA's purpose . . . is to protect consumers against the compilation and

---

[3] There are additional reasons that class certification is inappropriate under Rule 23(a) or 23(b). BGC reserves its right to address those issues in the future as necessary but raises the deficiencies as to 23(a)(2) and 23(b)(3) at this point to avoid the costs and burdens of discovery where the Complaint is fundamentally flawed in its class allegations.

[4] The Complaint contains no allegation that any of the reports produced by BGC on the punitive class members were in fact inaccurate. This pleading failure is the subject of the contemporaneously filed Motion to Dismiss.

dissemination of *inaccurate* credit information"). Section 1681e(b) specifically requires procedures to ensure that *accurate* information is reported. To that end, the Seventh Circuit has held that the accuracy of a report is a threshold question for any 1681e(b) claim. See, e.g., Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2005) (finding that a showing of inaccuracy is a threshold question for 1681e(b) claims); Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994) (same); McClelland v. Experian Info. Solutions, Inc., No. 04-C-5686, 2006 WL 2191973, at *2 (N.D. Ill. July 28, 2006) (noting that the first element for a 1681e(b) claim is a showing that "there was inaccurate information contained in the consumer report").

Given the 1681e(b) accuracy requirements, courts have repeatedly held that proceeding as a class is inappropriate under 1681e(b) because of the individualized nature of the analysis. In Owner-Operator Independent Drivers Ass'n v. USIS Comm. Servs, Inc., 537 F.3d 1184 (10th Cir. 2008), for example, the Tenth Circuit Court of Appeals affirmed a denial of class certification on 1681e(b) claims. The court found that FCRA "accuracy claims [are] not amenable to a class action" because "the accuracy of each individual's [report], an essential element of a 1681e(b) claim, *require[s] a particularized inquiry*." Id. at 1194. Other courts have reached the same conclusion. See, e.g., Harper v. Trans Union LLC, No. 04-3510, 2006 WL 3762035, at *8 (E.D. Pa. Dec. 20, 2006) (denying certification and stating that as to the question of accuracy, "proof of these . . . elements, though traceable to defendants' conduct and policies, will require highly individualized proofs as to the injuries suffered by the putative class members."); Pendleton v. Trans Union Sys. Corp., 76 F.R.D. 192, 194-95 (E.D. Pa. 1977) (denying class certification because "liability requires proof that there was an error in the individuals credit report. There can be no liability for denials of credit caused by *accurate reports*." (emphasis added)).

- 7 -

Here, whether the report was inaccurate and the reason for any report's purported inaccuracy and subsequent failure to satisfy section 1681e(b) is a ***plaintiff-specific question of fact***. See Hudson v. City of Chi., 242 F.R.D. 496, 503-04 (N.D. Ill. 2007) (denying certification under 23(b)(3) of a police misconduct class action where the court would be required to make an individualized inquiry into whether officers had probable cause to make arrests of each class member); Harper, 2006 WL 3762035, at *8. Most of the class members will not be able to meet this threshold inaccuracy requirement because the report produced was in fact accurate. These consumers simply have no cause action against BGC. Next, to the extent there is an inaccuracy, one person's report may be allegedly inaccurate because it contains outdated information, while another's may allegedly contain convictions that were expunged, and yet another's may allegedly report convictions under seal. The answers to all these questions can only be performed by reviewing each report and determining its accuracy (which may require the input from the consumer). As such, proof of violations of section 1681e(b) as to each class member do not meet the predominance requirements under Rule 23(b)(3).

It is axiomatic that if individual questions of fact predominate then a class action is not superior to other methods of fairly and efficiently adjudicating the controversy relative to other potential class members. See Walsh Chiropractic, Ltd. v. StrataCare, Inc., No. 09-cv-1061 MJR, 2011 WL 4336727, at *10 (S.D. Ill. Sept. 14, 2011) (concluding that if predominance is not met, a class action is necessarily inferior); Harper, 2006 WL 3762035, at *9 (finding that for FCRA class claims, individualized adjudication is superior because of the individualized proofs necessary for each claim). Because common questions do not predominate and class treatment is not superior, the Court should eliminate Plaintiff's class claims for failure to satisfy Rule 23(b)(3).

130306434v1 0932177

## ii.      Plaintiff's 1681k Claims Fail to Satisfy Rule 23(b)(3)

Section 1681k of the FCRA creates specific obligations for CRAs furnishing a consumer report for employment purposes that contains public record information that is likely to have an adverse effect upon a consumer's ability to obtain employment. 15 U.S.C. § 1681k (2006). In such a situation, CRAs are required to either: (1) notify the consumer of the fact that such information is being reported, with the name and address of the person to whom such information is being reported, at the time it is reported, *or* (2) maintain strict procedures designed to insure that such information is "complete and up to date." 15 U.S.C. § 1681k(a)(2) (2006). The Complaint alleges that, as to the proposed class, BGC violated section 1681k of the FCRA by both failing to notify consumers that information was being reported for employment purposes, and by failing to maintain strict procedures to ensure that report information was complete and up to date. (See Compl. ¶¶ 20-33).[5]

If a consumer report is subject to the requirements of Section 1681k, that section gives CRAs two options for compliance: either to send notification letters pursuant to subsection 1, or to maintain strict procedures pursuant to subsection 2. 15 U.S.C. § 1681k(a). The inquiry is thus two-fold: first, does a CRA send letters as required in 1681k(a)(1) and, if not, second, does the CRA maintain procedures in accordance with 1681k(a)(2). For purposes of this motion, assume that for a certain class of consumers BGC did not send notification letters pursuant to 1681k(a)(1)[6] — the only question then, for class certification purposes, is compliance with 1681k(a)(2)'s strict procedures requirement. See Obabueki v. Int'l Bus. Machines Corp., 145 F.

---

[5] The Complaint contains no allegations that any of the reports produced by BGC on the punitive class members were "likely to have an adverse effect upon a consumer's ability to obtain employment" or that the reports were not in fact complete and up to date. This pleading failure is the subject of the contemporaneously filed Motion to Dismiss.

[6] Both of the requirements under section 1681k are only triggered where a CRA reports public record information that is "likely to have an adverse effect upon a consumer's ability to obtain employment." BGC has defenses to that issue, which will itself require an individualized factual analysis of each class member's claims, and BGC reserves its right to contest this question in the future as necessary.

Supp. 2d 371, 396 (S.D.N.Y. 2001) (noting that the first step is to ask whether the CRA sent a

notification letter and, if not, whether it employed strict procedures). However, as the Obabueki

court made clear if the information in a report is complete and up to date, "*then an inquiry into

an agency's procedures [under 1681k] is unnecessary.*" Obabueki, 145 F. Supp. 2d at 396

(emphasis added); see also Christensen v. Axciom Info. Sec. Servs., Inc., No. 08-4081, 2009 WL

2424453, at *2 (W.D. Ark. Aug. 6, 2009) (noting that "all parties appear to concede that

accuracy is a requirement of consumer reports under § 1681k, and the court has analyzed the

motions on that basis").

Hence, the threshold issue for the punitive class asserting this claim is whether the

information contained the consumer report was in fact complete and up to date. Just like the

accuracy issue discussed above, whether the report was complete and up to date is an individual

issue of fact that can only be determined by reviewing each and every report. Such an analysis

will clearly predominate over any common issues. Although few courts have considered 1681k

in a class context, many have recognized the logic of refusing to entertain FCRA class claims

where the similar issue of accuracy is present, such as under section 1681e(b), discussed above.

In addition, Section 1681i of the FCRA also contains an accuracy requirement that courts have

used as a basis to reject potential class claims. For example, in Klotz v. Trans Union, LLC, 246

F.R.D. 208 (E.D. Pa. 2007), the court denied a motion to certify class claims alleging violations

of 1681i on the basis that the threshold question of accuracy as to each individual that raised

significant individual questions of fact, defeating the ability to proceed on a class wide basis.

Although such cases concern different sections of the FCRA, they implicate the same logic:

each potential class member's report is unique and determining whether it is accurate, complete

and up to date can only be done on a case by case basis and not on a class basis.

130306434v1 0932177

For the reasons discussed above as to the 1681e(b) class allegations, the question of whether a report is "complete and up to date" is a highly individualized inquiry. The analysis will vary for each potential class member. Indeed, Plaintiff's own experience illustrates the issue. Plaintiff alleges that BGC prepared a background report about him that contained false and inaccurate information. (See Compl. ¶ 15-16). Whether true or not, each member of Plaintiff's proposed class will have to demonstrate that the report prepared by BGC was not complete or not up to date, and will also have to demonstrate that FCRA § 1681k is even applicable by showing that public record report was likely to have an adverse effect on their employment. Stated differently, if the consumer obtained the job applied for, how can it be said that the report was likely to have an adverse effect? Common questions, to the degree that they exist at all, do not *predominate* over the individual inquiry FCRA § 1681k necessitates.

### 2. Plaintiff Cannot Satisfy Rule 23(a)(2)'s Commonality Requirement

Rule 23(a)(2) requires that a proposed class action have "questions of law or fact common to the class." To evaluate Rule 23(a)(2), the Court must fully consider the ***dissimilarities*** between class member claims. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2556 (2011). "We consider dissimilarities not in order to determine (as Rule 23(b)(3) requires) whether common questions *predominate*, but in order to determine (as Rule 23(a)(2) requires) whether there *is* '[e]ven a single [common] question.'" Id. (alterations in original).

Commonality must be evaluated carefully because any "competently crafted complaint literally raises common 'questions'" Id. at 2551. Commonality, however, requires more than showing "merely that [the class members] have all suffered a violation of the same provision of law." Id. Instead, the claims "must depend on a common contention" that is "capable of classwide resolution." Id. "What matters to class certification . . . is not the raising of common

- 11 -

'questions'—even in droves—but, rather the capacity of a classwide proceeding to general

common *answers* apt to drive the resolution of the litigation." Id. (alteration in original).

Here, Plaintiff's Complaint fails to show the existence of questions of law or fact

common to the class as to both the alleged violations of section 1681e(b) and the alleged

violations of section 1681k.

### i. Plaintiff's 1681e(b) Claims Fail to Satisfy Rule 23(a)(2)'s Commonality Requirement

The proposed class claims fail to satisfy Rule 23(a)(2) because, as noted above, the

question of a report's inaccuracy is a textbook example of an ***individualized inquiry***. Each

potential plaintiff in the proposed class will be required to show that BGC furnished a false and

inaccurate report in order to maintain their individual 1681e(b) showing. That showing

necessarily raises myriad individual questions of fact as to whether the report was inaccurate. If

the report was accurate, the inquiry ends and the class member has no claim. Further, if the

report was inaccurate, the reasons for BGC's alleged failures are not common to the class

members because there are numerous bases for an inaccuracy. For example, one person may

allege that a report is inaccurate because it reports convictions belonging to another person with

a similar name, while another may allege that a report is inaccurate because it does not

accurately describe the disposition of a criminal charge against the consumer, while a third may

allege that a report is inaccurate because it does not accurately describe the nature and severity of

the offense charged, and so on. As to ***every individual member of the class***, the Court will have

to determine the accuracy of that individual's report before a 1681e(b) claim can be maintained.

As such, there are not questions of fact or law common to the class and the Court should

eliminate Plaintiff's 1681e(b) class allegations.

130306434v1 0932177

### ii. Plaintiff's 1681k Claims Fail to Satisfy Rule 23(a)(2)'s Commonality Requirement

For the same reasons, Plaintiff's proposed 1681k class action claims fail the common question inquiry. Whether a report is complete and up to date is an inquiry on par with accuracy: whether the report is incomplete or out of date will vary for each potential class member. A report could be alleged to be incomplete or out of date because it leaves out key information, such as offenses charged or the disposition of the charges, or because it fails to reflect action on an appeal or habeas corpus petition, or because the record has been expunged. The only connection between the class members is that they were the subject of a background check prepared by BGC. Cf. Dukes, 131 S. Ct. at 2557 (holding that myriad differences, when compared to but a single common trait, would not support a finding of Rule 23(a)(2) commonality). As such, there are not questions of fact common to the class the Court should eliminate the section 1681k class allegations.

### CONCLUSION

Plaintiff's allegations in the Complaint reveal the absence of questions of law or fact common to Plaintiff's proposed class. But even assuming that common questions did exist, those questions would not predominate over individual questions of fact, thus rendering class relief inferior to individual adjudication. Accordingly, the Court should grant BGC's motion and eliminate Plaintiff's class allegations pursuant to Rule 23(c)(1)(A) and 23(d)(1)(D).

Respectfully submitted this 16th day of March, 2012.

_____/s/ Nabil G. Foster_____

Nabil G. Foster (Atty. No. 6273877)
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
(312) 704-3001 (facsimile)

130306434v1 0932177

nfoster@hinshawlaw.com

Cindy D. Hanson
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 541-3240


*COUNSEL FOR DEFENDANT BGC*

130306434v1  0932177

## CERTIFICATE OF SERVICE

I hereby certify that on March 16th, 2012, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ELIMINATE CLASS ALLEGATIONS PURSUANT TO RULE 23(D)(1)(D)** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

Keith J. Keogh
Craig M. Shapiro
Timothy J. Sostrin
KEOGH LAW, LTD.
101 N. Wacker Drive, Suite 605
Chicago, IL 60606


_____ /s/ *Nabil G. Foster* _____

Nabil G. Foster (Atty. No. 6273877)
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
(312) 704-3001 (facsimile)
nfoster@hinshawlaw.com

Cindy D. Hanson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 541-3240

130306434v1 0932177