## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>E-BACKGROUNDCHECKS.COM, INC. d/b/a BACKGROUNDCHECKS.COM<br><br>     Defendant. | Case No.: 12-cv-00190 |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS FOR FAILURE TO
## STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant

e-BackgroundChecks.com, Inc. d/b/a Backgroundchecks.com ("BGC") respectfully submits this

brief in support of its partial motion to dismiss claims asserted on behalf of the putative class for

failure to state a claim upon which relief can be granted.

BGC's motion addresses pleading deficiencies in the Complaint as to the claims asserted

on behalf of the class. First, the Complaint fails to plead two essential elements of the class-wide

claim under Fair Credit Reporting Act ("FCRA") § 1681k. Specifically, the Complaint contains

no allegations (i) that the consumer reports allegedly produced on the class members by BGC

were "likely to have an adverse effect upon" the class member's "ability to obtain employment,"

or (ii) that BGC produced consumer reports on the class members that were not complete or up

to date. See 15 U.S.C. § 1681k(a) (2006). Second, the Complaint contains no allegation that

consumer reports prepared by BGC on the putative class members were inaccurate, which is a

necessary element of a claim under section 1681e(b) of the FCRA.

## BACKGROUND

Plaintiff alleges that Defendant BGC, a Texas-based background check company, provided a background check in connection with the Plaintiff's application for a job with Goodwill. (See Compl. ¶¶ 7-8, 11, 15). Plaintiff alleges that he did not get the job with Goodwill because of BGC's inaccurate background check. (See Compl. ¶¶ 11-19).

Plaintiff asserts two claims (labeled as one count) under the FCRA. First, Plaintiff alleges that BGC failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in credit reports. (Compl. ¶ 35). Second, Plaintiff alleges that BGC failed to notify consumers of adverse public record information contained within background checks at the time it published that information to a requesting party. (Compl. ¶ 36).

## ARGUMENT

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint ***must contain sufficient factual matter***, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (emphasis added). A plaintiff must plead every essential element of a claim. Webb v. Local 73, Serv. Employees Int'l Union, No. 02 C 3279, 2002 WL 31049841, at *6 (N.D. Ill. Sept. 13, 2002) ("Plaintiffs bear the burden of pleading the essential elements of their claim and they cannot rely on idle speculation to fill in the gaps."). Here, Plaintiff has failed to plead essential elements of the two class claims asserted in the Complaint, which accordingly should be dismissed.

### I. The Complaint Fails to State a Claim Under 15 U.S.C. § 1681k on Behalf of the Class.

Plaintiff, on behalf of the class, has failed to allege all of the essential elements of a claim under 15 U.S.C. § 1681k. First, to state a claim under section 1681k, a plaintiff must allege that

130306449v1 0932177

the consumer report at issue was "likely to have an adverse effect upon a consumer's ability to obtain employment." <u>See</u> 15 U.S.C. § 1681k(a) (2006). Only by showing that a report was likely to have an adverse effect on employment prospects are the notification requirements of 1681k(a)(1) or the strict procedures requirements of 1681k(a)(2) triggered. <u>See id.</u> Plaintiff therefore must allege that, as to the class, consumer reports prepared by BGC were likely to have an adverse effect on class members' ability to obtain employment. <u>See</u> Alan Wright & Arthur Miller et al., Federal Practice & Procedure § 1798 (3d ed. 2011) ("All of the pleading provisions of the federal rules are applicable in class actions . . . .").

Plaintiff's Complaint, however, contains no such allegation as to the class, and in particular contains ***no factual allegations*** to show that the reports prepared for each potential class member contained information likely to have an adverse effect upon a consumer's ability to obtain employment. <u>See</u> Compl. ¶¶ 21, 36; <u>Iqbal</u>, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Second, the Complaint contains no allegations that, as to the class, BGC produced reports that were not complete and up to date. As noted above, if a consumer reporting agency furnishes a report that is likely to have an adverse impact upon a consumer's employment opportunities, they are required to do one of two things under section 1681k. They must *either* send contemporaneous notification letters to consumers about whom they report information, under 1681k(a)(1), *or* maintain strict procedures to ensure that information reported is complete and up to date, under 1681k(a)(2). <u>See</u> 15 U.S.C. § 1681k. The Complaint only alleges, as to the class, failure to send notification letters under 1681k(a)(1). (<u>See</u> Compl. ¶ 36). Even taking that allegation as true, it does not support a claim for relief. Plaintiff and the class must also allege

- 3 -

non-compliance with 1681k(a)(2). While the Complaint does contain an allegation that BGC did not maintain strict procedures, there is no allegation that the consumer reports produced by BGC on the class members were not complete or not up to date. This is an essential element of a claim under FCRA § 1681k and its absence is fatal. See Obabueki v. Int'l Bus. Machines Corp., 145 F. Supp. 2d 371, 396 (S.D.N.Y. 2001) ("[I]f the information in a report is complete and up to date, ***then an inquiry into an agency's procedures [under 1681k] is unnecessary.***" (emphasis added)). Consequently, the Complaint fails to state a claim on behalf of the class upon which relief can be granted under 15 U.S.C. § 1681k(a) and should be dismissed. Fed. R. Civ. P. 12(b)(6).

## II.     The Complaint Fails to State a Claim Under 15 U.S.C. § 1681e(b) on Behalf of the Class.

Plaintiff, on behalf of the class, has failed to allege all of the essential elements of a claim under 15 U.S.C. § 1681e(b). That section provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible ***accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added). In the Seventh Circuit, a claim under section 1681e(b) requires a threshold showing that the report at issue was ***inaccurate***. See, e.g., Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2005) (finding that to state a claim under 1681e(b) a consumer must "sufficiently allege that a credit reporting agency prepared a report containing ***'inaccurate' information.***" (emphasis added)); Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994) (same); McClelland v. Experian Info. Solutions, Inc., No. 04-C-5686, 2006 WL 2191973, at *2 (N.D. Ill. July 28, 2006) (noting that the first element for a 1681e(b) claim is a showing that "there was inaccurate information contained in the consumer report"). Plaintiff is

- 4 -

required to plead, as to the class, facts supporting the alleged inaccuracy of reports.  <u>See</u> Wright & Miller et al. § 1798.

Plaintiff fails to allege that BGC prepared ***inaccurate*** reports about the class members. Instead, he simply alleges a violation 1681e(b) by failing to have procedures to ensure accuracy. (Compl. ¶ 35); <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 (holding that a federal complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (alteration in original)). Such a failure, to the degree that it exists, is only actionable if there is a showing of inaccuracy in a report.  <u>See Sarver</u>, 390 F.3d at 971.  Plaintiff has not alleged that the proposed class members all have an inaccuracy in their report.  Indeed, the Complaint illogically mixes purported violations of 1681k and 1681e(b) without fully alleging facts to support a violation under either section.  For example, the class definition is specifically defined *only* to cover 1681k but Plaintiff also makes repeated reference to 1681e(b) in the class allegations.  (<u>Compare, e.g.</u>, Compl. ¶ 21 (limiting the class definition to 1681k) <u>with</u> Compl. ¶ 25 (discussing 1681e(b) as proof of commonality)).  Consequently, Plaintiff's complaint fails to state a claim on behalf of the class upon which relief can be granted under 15 U.S.C. § 1681e(b) and should be dismissed.  Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's failure to plead the essential elements of his claims warrants dismissal of the claims on behalf of the class.  Specifically, the Court should dismiss Plaintiff's claim under 15 U.S.C. § 1681k and 15 U.S.C. § 1681e(b) to the extent that they pertain to the putative class.

130306449v1  0932177

Respectfully submitted this 16th day of March, 2012.

                                _/s/ Nabil G. Foster_

                                Nabil G. Foster (Atty. No. 6273877)
                                HINSHAW & CULBERTSON LLP
                                222 N. LaSalle Street, Suite 300
                                Chicago, Illinois 60601-1081
                                (312) 704-3000
                                (312) 704-3001 (facsimile)
                                nfoster@hinshawlaw.com

                                Cindy D. Hanson
                                KILPATRICK TOWNSEND &
                                STOCKTON LLP
                                1100 Peachtree Street, Suite 2800
                                Atlanta, Georgia 30309
                                Telephone:    (404) 815-6500
                                Facsimile:    (404) 541-3240

                       *COUNSEL FOR DEFENDANT BGC*

130306449v1 0932177

## CERTIFICATE OF SERVICE

I hereby certify that on March 16th, 2012, I electronically filed the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION**

**TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

**GRANTED** with the Clerk of Court using the CM/ECF system which will automatically send

email notification of such filing to all attorneys of record:

> Keith J. Keogh
> Craig M. Shapiro
> Timothy J. Sostrin
> KEOGH LAW, LTD.
> 101 N. Wacker Drive, Suite 605
> Chicago, IL 60606

> _____ /s/ *Nabil G. Foster* _____

> Nabil G. Foster (Atty. No. 6273877)
> HINSHAW & CULBERTSON LLP
> 222 N. LaSalle Street, Suite 300
> Chicago, Illinois 60601-1081
> (312) 704-3000
> (312) 704-3001 (facsimile)
> nfoster@hinshawlaw.com

> Cindy D. Hanson
> KILPATRICK TOWNSEND & STOCKTON LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309
> (404) 815-6500
> (404) 541-3240

130306449v1  0932177