IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS )<br>on behalf of himself and the classes defined )<br>below, )<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>E-BACKGROUNDCHECKS.COM, INC. )<br>d/b/a BACKGROUNDCHECKS.COM )<br>     Defendant. ) | 12-cv-00190<br><br>Judge Norgle<br>Magistrate Judge Nolan |

**STATUS REPORT**

Plaintiff James Williams submits the following status report in anticipation of the status hearing scheduled for May 2, 2012.

1. Among other motions, on March 16, 2012, Defendant filed a motion to transfer (Docket # 21) and attached to its memorandum in support the Declaration of Craig Kessler. (Docket # 23-2).

2. On March 23, 2012, after an appearance before Judge Norgle, counsel for Defendant Nabil Foster offered to produce Declarant Craig Kessler for deposition.

3. The Declaration of Craig Kessler contains detailed statements regarding Defendant's policies and procedures, as well as other information relevant to the motion to transfer. This Declaration was filed with the Clerk of Court, rendering it a public document, and the information contained therein available to the public.

4. On April 6, 2012, the undersigned counsel for Plaintiff Craig Shapiro agreed with Mr. Foster to proceed with the deposition on April 25, 2012.[1]

5. On April 12, 2012, Messrs. Shapiro and Foster appeared before this Court for a status conference. They informed this Court that the deposition would proceed on April 25, 2012.

---

[1] In fact, Plaintiff relied on defendant's offer to produce Mr. Kessler when he filed his reply in support of his motion to stay briefing to allow time to conduct discovery and stated that the deposition should be sufficient discovery for purposes of responding to defendant's motion to transfer. Docket # 39.

1

6. On April 13, 2012, this Court entered an order stating that the parties were to proceed with the deposition. (Docket # 41).

7. On April 17, 2012, twenty-five days after agreeing to produce Mr. Kessler, and only eight days prior to the deposition, for the first time Mr. Foster indicated that his client required a confidentiality agreement for the deposition, and suggested that it apply to the entire case. Mr. Shapiro advised Mr. Foster that confidentiality was not appropriate, as Mr. Kessler had already put the information into the public record and the deposition would likely not go very far beyond that information. Additionally, any agreement should not apply to the entire case, as discovery has not yet begun.

8. On April 19, 2012, Mr. Shapiro received a voice mail from Mr. Foster indicating that Defendant had confidentiality agreements already in place with some of its vendors, which would be a subject of the deposition, and that as a result confidentiality was needed.

9. Mr. Shapiro, via email, immediately requested a draft confidentiality agreement that applied only to the deposition.

10. On April 20, 2012, Mr. Foster emailed Mr. Shapiro a draft confidentiality agreement. The agreement, which was supposed to apply only to a single deposition, was twelve pages in length, contained excessive verbiage, contradicted itself, and was wholly inappropriate for the deposition.

11. On April 23, 2012, Mr. Shapiro drafted a five-page protective order and reminded Mr. Foster that the Seventh Circuit has indicated that an agreed protective order is enforceable prior to being entered by the court and that Mr. Shapiro and his office would treat the designated portions of the deposition as confidential in anticipation of the protective order being entered. *See* Exhibit 1 (email) and Exhibit 2 (attached protective order proposed by Mr. Shapiro).

12. Mr. Foster indicated that his client would not agree to the protective order and reiterated that Mr. Kessler would not be produced absent the confidentiality agreement proposed by Mr. Foster.

13. Later that evening, still on April 23, Mr. Shapiro emailed Mr. Foster a red-line revised

version of his confidentiality agreement. *See* Exhibit 3. Mr. Shapiro's revisions included:

- A. removing a nonsensical paragraph (¶ 2.3);
- B. removing a burdensome and confusing subpoena process (¶ 2.4);
- C. removing a paragraph that deemed a document not designated as confidential to be potentially still confidential (¶ 2.6);
- D. removing nonsensical verbiage (¶ 3.1);
- E. removing a burdensome requirement for handling confidential documents within Mr. Shapiro's office (¶¶ 3.3(g) and 3.4(f));
- F. removing a requirement that documents filed under seal be marked as "attorneys' eyes only" even though court personnel would surely need to handle and view the documents (¶ 5.2);
- G. removing a confusing designation burden placed on the filing party (¶ 5.2);
- H. removing an entire section that would permit a party to waive privilege but then invoke privilege regarding the same information (Section 7 – ¶¶ 7.1, 7.2, and 7.3);
- I. removing a parenthetical that effectively designated as confidential public information obtained by plaintiff's counsel (¶ 8.1);
- J. adding a process whereby a party can object to the designation of a information as confidential and the process by which that objection is resolved (¶ 8.2) – note that this paragraph was referred to in paragraph 2.7, although it did not exist until Mr. Shapiro added it; and
- K. removing a paragraph that permitted a party to disclose documents to third parties but retain the right to designate them as confidential (¶ 9.1).

*See* Exhibit 4.

14. Mr. Foster responded to Mr. Shapiro's email by stating that the deposition should be continued to a future date in May even though Plaintiff offered to treat the deposition as confidential until an agreement could be reached or a protective order entered.

15. The parties have since agreed to proceed with the deposition on May 16, 2012.

Plaintiff respectfully submits this status report and states that the deposition of Mr. Kessler is needed as soon as possible for use in responding to defendant's pending motions.

May 1, 2012                                  Respectfully Submitted,


  s/ Craig M. Shapiro
Keith J. Keogh
Craig M. Shapiro
Timothy Sostrin
KEOGH LAW, LTD
101 North Wacker Drive, Suite 605
Chicago, IL 60606
PHONE: (312) 726-1092; FAX: (312) 726-1093

Attorneys for Plaintiff